**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

United States of America,

    Plaintiff,

vs.

Edward Jameson Purry II,

    Defendant.

Case No.: 2:14-cr-332-JAD-VCF

**Order re: Doc. 57**

    Edward Purry II is charged with four counts of illegally acquiring firearms in violation of 18 U.S.C. §§ 922(a)(6) and 924(a)(2). Doc. 32. He moves *in limine* for exclusion of several items of evidence that have surfaced during discovery under Federal Rules of Evidence 401 and 403, arguing that because none of this evidence is relevant to show Purry made false statements to acquire firearms or tends to make any fact of consequence more or less probable. Doc. 57 at 2. After considering Purry's motion and the government's response, I deny the motion.

**Discussion**

    Although the Federal Rules of Evidence do not explicitly authorize motions in limine, the trial courts' general authority to manage trials permits trial judges to rule on evidentiary issues before the start of trial.[1] Pretrial consideration of evidentiary issues serves to avoid the futile attempt of "unring[ing] the bell" when jurors have seen or heard inadmissible evidence, even when stricken from the record.[2] Motions in limine may also save expensive trial time because ruling on evidentiary disputes in advance minimizes side-bar conferences and other disruptions at trial, and potentially obviates the need to call certain witnesses.[3]

    Of course, these policy considerations must be weighed against the loss of the court's ability

---

[1] *See Luce v. United States*, 469 U.S. 38, 40 n. 2 (1984).

[2] *Brodit v. Cambra*, 350 F.3d 985, 1004-05 (9th Cir. 2003) (quotations and citations omitted).

[3] *See United States v. Tokash*, 282 F.3d 962, 968 (7th Cir. 2002).

to consider evidence in the context of the trial when the court is "better situated . . . to assess the value and utility of evidence."[4]  Limine rulings are provisional; they are "not binding on the trial judge [who] may always change [her] mind during the course of a trial."[5]  "Denial of a motion in limine does not necessarily mean that all evidence contemplated by the motion will be admitted to trial.  Denial merely means that without the context of trial, the court is unable to determine whether the evidence in question should be excluded."[6]

Federal Rule of Evidence 401 provides that "Evidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action."  I may nonetheless exclude relevant evidence if "its probative value is substantially outweighed by a danger of . . . .unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence."

18 U.S.C. § 922(a)(6) makes it unlawful

> for any person in connection with the acquisition . . . of any firearm or ammunition from a licensed importer, licensed manufacturer, licensed dealer, or licensed collector, knowingly to make any false or fictitious oral or written statement or to furnish or exhibit any false, fictitious, or misrepresented identification, intended or likely to deceive such importer, manufacturer, dealer, or collector with respect to any fact material to the lawfulness of the sale or other disposition of such firearm or ammunition under the provisions of this chapter[.][7]

---

[4] *Wilkins v. Kmart Corp.*, 487 F. Supp. 2d 1216, 1218 (D. Kan. 2007); *accord Sperberg v. Goodyear Tire & Rubber Co.*, 519 F.2d 708, 712 (6th Cir. 1975) ("A better practice is to deal with questions of admissibility of evidence as they arise.").

[5] *Ohler v. United States*, 529 U.S. 753, 758 n.3 (2000); *accord Luce*, 469 U.S. at 41 (noting that in limine rulings are always subject to change, especially if the evidence unfolds in an unanticipated manner).

[6] *Tracey v. Am. Family Mut. Ins. Co.*, 2010 WL 3724896, at *2 (D. Nev. Sept. 17, 2010) (quoting *Ind. Ins. Co. v. Gen. Elec. Co.*, 326 F. Supp. 2d 844, 846 (N.D. Ohio 2004)).

[7] 18 U.S.C. § 922(a)(6).  Section 924(a)(2) provides that a knowing violation of (a)(6) "shall be fined under this title, imprisoned not more than 10 years, or both."  *Id.*

Purry first seeks exclusion of evidence that suggests his financial transactions in connection with the acquisition of these firearms totaled approximately **$92,000**.  Doc. 57 at 2.  The government argues that it presently does not intend to introduce this evidence, although it reserves the right to introduce this evidence if Purry is convicted and the matter proceeds to the sentencing phase.  Doc. 61 at 2. I hold the government to its representation and deny the exclusion request as moot and without prejudice.

Purry next seeks to exclude evidence that several **firearms other than those charged in the indictment** have shown up in other law enforcement investigations involving criminal activity.  Doc. 57 at 2.  The government responds that it presently does not intend to introduce this evidence at trial, although it reserves the right to introduce this evidence if Purry is convicted and the matter proceeds to the sentencing phase.  Doc. 61 at 2. I hold the government to its representation and deny the exclusion request as moot and without prejudice.

To the degree Purry seeks wholesale exclusion of evidence that **Purry purchased firearms other than those charged in the indictment**, the government argues that the number of firearms Purry purchased is relevant to show intent, absence of mistake, and motive.  Doc. 61 at 2.  I agree that this evidence is relevant and not unfairly prejudicial as a general matter, and I deny this request at this time.  However, Purry remains free to object to this evidence at trial should it appear that this evidence, in context, is more prejudicial than probative.

Purry next argues that **evidence suggesting Purry shipped these firearms from Nevada to California** should be excluded.  Doc. 57 at 2.  The government argues that this evidence supports the inference that Purry was not a resident of Nevada, which is one of the elements charged in the indictment.  Doc. 61 at 2.  I agree with the government that this evidence is relevant to show that Purry "represented that he was a resident of the State of Nevada," *e.g.*, Doc. 32 at 2, and that it is not unfairly prejudicial.  Purry's motion in limine is denied on this point.

Purry finally argues that the name used to ship the firearms was **"Kenny Clutch,"** a rapper

killed as a result of a drive-by shooting in Las Vegas on February 21, 2013. Doc. 57 at 2. The government argues that Purry admitted using this alias in a post-*Miranda* interview and it shows Purry knew what he was doing. Thus, the government argues, it is highly probative of his guilt. Doc. 61 at 2. I agree with the government that evidence Purry used an alias is relevant to show that he knowingly made a false statement in violation of Section 922(a)(6)[8] and is not unfairly prejudicial. However, my ruling extends only to the use of the evidence of Purry's use of the alias itself; to the degree the government seeks to introduce circumstantial information regarding who "Kenny Clutch" was, I deny the motion without prejudice to defendant's renewing this argument at trial when I can consider the relevance of this information in context.

## Conclusion

Accordingly, IT IS HEREBY ORDERED that Purry's Motion in Limine **[Doc. 57] is DENIED**.

DATED: February 24, 2015.

_____
Jennifer A. Dorsey
United States District Judge

---

[8] *See Correll v. Stewart*, 137 F.3d 1404, 1417 (9th Cir. 1998) (considering habeas corpus petition, and listing use of alias as relevant evidence to show state criminal defendant's guilt).