```
                    UNITED STATES DISTRICT COURT
                         DISTRICT OF NEVADA

UNITED STATES OF AMERICA,      )
                               )
   Plaintiff,                  )
                               )
vs.                            )         2:14-CR-332-JAD-VCF
                               )
EDWARD JAMESON PURRY, II,      )         MINUTES OF THE COURT
                               )
   Defendant.                  )         DATED: March 9, 2015
```

PRESENT: HONORABLE JENNIFER A. DORSEY, UNITED STATES DISTRICT JUDGE

DEPUTY CLERK: Donna Sherwood    REPORTER: Felicia Zabin

COUNSEL FOR PLAINTIFF(S): Phillip Smith, Alexandra Michael

COUNSEL FOR DEFENDANT(S): Brenda Weksler, Raquel Lazo

PROCEEDINGS: **JURY TRIAL (DAY 1)**

9:00 a.m. Court convenes outside the presence of the prospective jurors. Defendant is present in custody.

The Court advises counsel the Court will read the description of the case and a preliminary instruction that have been provided to counsel. Counsel have no objections or changes.

The Court hears the arguments of Mr. Smith and Ms. Weksler on [87] Defendant's Motion for Court to Examine the Portions of the Video-Tape the Government Intends to Introduce at Trial and [77] Defendant's Motion to Reconsider Order Regarding Motion in Limine.

The Court advises counsel once the jury is seated, the Court will take a break and decide all of the issues.

Ms. Weksler further advises the Court over the weekend they received from the Government a number of violations concerning the FFL store in question, which they believe to be Brady or Giglio material.

The Court hears the arguments of counsel and finds the information does not appear to be exculpatory or create a prejudice to the defense and overrules the objection to Brady and Giglio.

The Court instructs the clerk to file the documents under seal presented by Ms. Weksler as a proffer to the argument.

```
2:14-CR-332-JAD-VCF
3/9/2015
Page 2
```

9:50 a.m. Court stands at recess.

10:04 a.m. Court reconvenes in the presence of sixty-six prospective jurors.

The Court makes opening remarks, introduces the Court's staff and explains the voir dire process.

10:08 a.m. The prospective jurors are sworn and voir dire proceeds.

12:00 p.m. Prospective jurors admonished and excused for lunch to return at 1:30 p.m.

12:02 p.m. Court stands at recess.

12:35 p.m. Court reconvenes outside the presence of the prospective jurors.

The Court and counsel confer on details of the proposed stipulations.

[77] Defendant's Motion to Reconsider Order Regarding Motion in Limine is **granted** in part and **denied** in part as follows: The Court reverses its prior ruling as to the number of firearms purchased and the evidence of sales in California and will not permit that evidence. The Court will not change its ruling permitting evidence that defendant shipped the firearms to California or to the name Kenny Clutch.

[87] Defendant's Motion for Court to Examine the Portions of the Video-Tape the Government Intends to Introduce at Trial is **granted** in part and **denied** in part as stated on the record.

Mr. Smith requests the Court canvass the defendant as to whether he agrees with the stipulation.

The Court instructs Ms. Weksler and Ms. Lazo to consult with the defendant regarding the stipulation as the Court will canvass him on it.

The Court hears further arguments from counsel as to whether defense can ask questions regarding the FFL violations.

```
2:14-CR-332-JAD-VCF
3/9/2015
Page 3
```

The Court reserves ruling until the questioning starts.

1:15 p.m. Court stands at recess.

1:37 p.m. Court reconvenes outside the presence of the prospective jurors.

The Court viewed the portion of the videotape that the Court had saved for ruling on page 4.  The statement that this was the worst mistake of the defendant's life needs to be excluded for the same reason the Court excluded defendant's statement about he knew what this was about and this was poor judgment on his part.  The Court finds the statements are too vague and actually relate to the sales program and not just merely the forms, so they are excluded as more prejudicial than probative.

Ms. Weksler advises the Court she went over the stipulation with the defendant.

On inquiry by the Court, the defendant states he is in agreement with the facts contained in the stipulation.

1:43 p.m. Court reconvenes in the presence of the prospective jurors and voir dire continues.

1:50 p.m.  Counsel exercise their peremptory challenges.

Selected jurors seated and sworn.  Unselected jurors excused.

The Court instructs the jury on the order of trial proceedings.

2:15 p.m. Jury admonished and excused.  Court stands at recess.

2:38 p.m. Court reconvenes in the presence of the jury.  All parties are present.

Opening statements are presented by Mr. Smith on behalf of the Government and Ms. Weksler on behalf of the Defendant.

**IT IS ORDERED** the Rule of Exclusion is invoked.

Mr. Smith reads Government's Exhibits 18 and 19 (Evidentiary Stipulations between the parties) to the jury.

**IT IS ORDERED Government's Exhibits 18 and 19 are admitted in evidence.**

**ATF AGENT JASON DUNN,** called on behalf of the Government, is sworn and testifies on direct examination by Mr. Smith, cross examination by Ms. Lazo, redirect examination by Mr. Smith, then is excused **Government's Exhibit 1 marked and admitted in evidence.**

**ATF AGENT ROGER MARTIN,** called on behalf of the Government, is sworn and testifies on direct examination by Mr. Smith, cross examination by Ms. Lazo, redirect examination by Mr. Smith, then is excused. **Government's Exhibits 7 and 8 marked and admitted in evidence. Defendant's Exhibit 501 marked and admitted in evidence.**

**GINA MARIE ALLEN,** called on behalf of the Government, is sworn and testifies on direct examination by Mr. Smith, cross examination by Ms. Lazo, redirect examination by Mr. Smith, recross examination by Ms. Lazo, then is excused. **Government's Exhibits 2, 3 and 17 marked and admitted in evidence.**

**IT IS ORDERED** the Jury Trial is continued to Tuesday, March 10, 2015, at 9:00 a.m.

4:30 p.m. Jury admonished and excused.

The Court and counsel confer on miscellaneous evidentiary issues and remaining witnesses.

4:35 p.m. Court adjourns.

                                      LANCE S. WILSON, CLERK
                                      United States District Court
                                      By:   /s/
                                          Donna Sherwood, Deputy Clerk